THE STANLEY WORKS ISRAEL LTD.
f/k/a ZAG INDUSTRIES, LTD.,

        Plaintiff,

v.

500 GROUP, INC. and PAOLO TIRAMANI,

        Defendants.

3:17-cv-01765 (CSH)

APRIL 26, 2018

## RULING ON PENDING DISCOVERY MOTIONS

**HAIGHT, Senior District Judge:**

The Stanley Works Israel Ltd., f/k/a ZAG Industries, Ltd. ("Plaintiff"), an Israeli limited liability company, brings this diversity action against Defendants 500 Group, Inc, a New York corporation, and Paolo Tiramani, a citizen of the state of Nevada (collectively, "Defendants"). Plaintiff and Defendant 500 Group were parties to certain product license agreements that related generally to patent rights owned by 500 Group. Plaintiff's claims against Defendants arise from a dispute over monies paid pursuant to a settlement agreement between the parties. Pending before the Court is Defendants' Motion for a Protective Order, which seeks a stay of all discovery until the resolution of Defendants' Motion to Dismiss the Amended Complaint. Also pending is Plaintiff's Motion to Compel responses to its interrogatories and requests for production. Both motions are opposed, and are ripe for consideration. This Ruling resolves them.

**I.    BACKGROUND**

Plaintiff commenced this action on October 20, 2017. Complaint, Doc. 1. Attorneys on behalf

of Defendants filed Notices of Appearances on December 4, 2017, and on December 5, 2017, the matter was transferred to the undersigned. The parties filed their Form 26(f) Report of Parties' Planning Meeting on January 2, 2018, Doc. 30, and the Court entered a Scheduling Order that same day. Doc. 21. On February 13, 2018, Plaintiff filed an Amended Complaint. Doc. 24.

According to the facts alleged in Plaintiff's Amended Complaint, Plaintiff and Defendant 500 Group had previously been engaged in various disputes related to license agreements; the disputes resulted in a demand for arbitration. Doc. 24 ¶¶7-11. The disputes were then negotiated and the parties ultimately reached a settlement. *Id.* ¶11. Plaintiff and Defendant 500 Group entered into a Settlement Agreement on March 31, 2017, which provided, among other things, that Plaintiff would pay a sum of ten million dollars to Defendant 500 Group. *Id.* ¶¶11-12. Plaintiff contends that the parties agreed that Plaintiff was to retain $600,000 from the total payment to fulfill Defendant 500 Group's tax obligations and other arrangements with the Israeli tax authority. *Id.* ¶21. However, Plaintiff alleges that it mistakenly failed to deduct the $600,000 from the total when it wired the settlement funds, and when it requested that 500 Group return the $600,000, Defendants ultimately refused. *Id.* ¶¶ 25-32. Plaintiff's Amended Complaint raises counts sounding in breach of contract, unjust enrichment, unfair trade practices, conversion, and civil theft.

On February 27, 2018, Defendants filed a motion to dismiss the Amended Complaint, Doc. 26. In the motion, Defendants argue, *inter alia*, that the parties' settlement agreement contains no reference to the withholding of any portion of the payment, and there is no writing signed by both parties, as contemplated by the settlement agreement's merger clause, that would show that the agreement was modified. Doc. 27 at 12-22. Defendants also argue that Plaintiff's quasi-contract and tort claims fail given the existence of a written, express contract governing the subject matter of the

Amended Complaint. *Id.* at 27-36.

On March 2, 2018, Defendants filed a Motion for a Protective Order, seeking to stay discovery pending resolution of the motion to dismiss. Doc. 28. On March 9, 2018, Plaintiff filed a motion to compel responses to its discovery requests. The Court will address the pending discovery-related motions in turn.

## II.   STANDARD OF REVIEW

Rule 26(c) of the Federal Rules of Civil Procedure provides, in relevant part: "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding the disclosure or discovery[.]" Fed. R. Civ. P. 26(c)(1)(A). A request for a stay of discovery is treated as a request for a protective order under Rule 26(c). *See*, *e.g.*, *Morien v. Munich Reins. Am., Inc.*, 270 F.R.D. 65, 66 (D. Conn. 2010); *Transunion Corp. v. PepsiCo, Inc.*, 811 F.2d 127, 130 (2d Cir. 1987). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Thus, a "request for a stay of discovery, pursuant to Rule 26(c) is committed to the sound discretion of the court based on a showing of good cause." *ITT Corp. v. Travelers Cas. & Sur. Co.*, No. 3:12-CV-0038(RNC), 2012 WL 2944357, at *2 (D. Conn. July 19, 2012) (quotation marks and citation omitted). The party seeking the stay bears the burden of showing that good cause exists for its request. *Morien*, 270 F.R.D. at 66-67.

Where a party seeks a stay of discovery pending resolution of a dispositive motion, the Court considers "(1) the strength of the dispositive motion; (2) the breadth of the discovery sought; and (3) the prejudice a stay would have on the non-moving party." *Lithgow v. Edelmann*, 247 F.R.D. 61, 62

(D. Conn. 2007) (citation omitted). "[W]hile discovery may in a proper case be stayed pending the outcome of a motion to dismiss, the issuance of a stay is by no means automatic." *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (quotation marks and citation omitted) (collecting cases).

## III. DISCUSSION

### A. Motion to Stay

Defendants contend that good cause exists to stay discovery pending the resolution of the motion to dismiss. Defendants assert that the dispositive motion has substantial merit and may dispose of the case in its entirety. Further, Defendants anticipate that any discovery will create an undue burden and expense, and claim that no prejudice will result to Plaintiff if a stay of discovery is imposed.

In opposing Defendants' motion, Plaintiff responds that a stay of discovery is unnecessary and would be prejudicial. Plaintiff argues that Defendants could have requested a stay at the parties' Rule 26(f) planning conference, but they instead waited, thereby prejudicing Plaintiff and the Court as a scheduling order is now in place. Plaintiff contends that the motion to dismiss is "devoid of legal merit," Doc. 30 at 2, and therefore does not justify a stay. Finally, Plaintiff argues that as the dispute resolves around a single settlement agreement, and as Plaintiff's damages theory is simple and straightforward, the discovery is not anticipated to be burdensome.

In considering whether a stay is warranted, the Court first considers the strength of the motion to dismiss. In evaluating this factor, courts will look to see whether there are "substantial arguments for dismissal," or, stated differently, whether "there has been a strong showing that the plaintiff's claim is unmeritorious." *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*,

297 F.R.D. 69, 72 (S.D.N.Y. 2013) (quotation marks and citation omitted). Defendants have moved to dismiss Plaintiff's Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the grounds that Plaintiff's Amended Complaint fails to state a legally cognizable claim. *See* Doc. 26. Plaintiff has opposed that motion, and Defendants have replied. Both sides strongly insist that their adversary's position has no merit. The Court will not attempt to predict the outcome of the motion to dismiss. It is sufficient for these purposes to state that both parties have raised arguments, founded in law, and while Defendants' motion to dismiss is potentially dispositive, it is not at all clear that Plaintiff's claims are wholly unmeritorious. *See Levinson v. Pscc Servs., Inc.*, No. 3:09-CV-00269(PCD), 2009 WL 10690157, at *2 (D. Conn. Sept. 16, 2009) ("[I]t is clear that none of the claims is so frivolous or glaringly deficient as to warrant a stay of discovery."). This factor does not weigh in favor of either party.

Next, the Court considers whether the breadth of discovery sought and the burden of responding support a stay of discovery. Plaintiff asserts that any such burden would be minimal, in light of the limited and focused nature of the dispute. Defendants argue that Plaintiff's requests seek "extensive information and voluminous production of documents." Doc. 28 at 2. Defendants do not attach Plaintiff's requests to its motion.

The parties' 26(f) Report indicates that the parties do not anticipate requiring more than ten depositions of fact witnesses, and the parties will not request permission to serve more than 25 interrogatories. The parties anticipate that discovery will be required on subjects related to the parties' prior settlement agreement, the correspondence related thereto, the subject financial transaction, and on any other matter reasonably related to the claims and defenses in this matter. *See* Doc. 20 at 5-6.

Plaintiff's initial discovery requests are attached to its motion to compel; upon review, the requests do not appear to encompass unwieldy and expansive discovery. Defendants do not provide any information with respect to how the requests would result in an undue burden or expense, and the Court finds no support on the record before it for Defendants' conclusory contention that the requests seek extensive information that would result in a voluminous production. Accordingly, the Court concludes that the breadth of discovery is not broad nor does the burden on Defendants appear substantial, and this factor weighs against imposing a stay.

Finally, the Court considers whether Plaintiff would be prejudiced by a stay of discovery. Discovery is set to close in less than a year; if this case progresses past the initial stages, a stay would delay the ultimate disposition of this matter. Neither side presents a compelling argument on this factor; I therefore will not ascribe it great weight. Suffice it to say that a delay would prejudice Plaintiff, but no more so than any other litigant seeking prompt resolution of its claims.

Upon consideration of the above factors, the Court concludes that Defendants have not shown good cause for the Court to impose a stay on discovery, pending resolution of the motion to dismiss. At this juncture, the Court is not persuaded that the motion to dismiss will likely be dispositive of all the claims alleged in this matter. Moreover, the limited scope of discovery and the absence of a demonstrable burden on Defendants to respond to Plaintiff's requests militate against imposing a stay on discovery. And while the prejudice from a stay to Plaintiff may be slight, there still exists the risk of prejudice should the case proceed past the pleading stage. Accordingly, Defendants' motion for a protective order will be denied.

B. **Motion to Compel**

Also before the Court is Plaintiff's motion to compel responses to its initial set of discovery

requests. Doc. 31. Plaintiff argues that its discovery requests were served on February 2, 2018, and Defendants failed to respond or object to the requests in the time afforded by the Federal Rules of Civil Procedure. Plaintiff contends that Defendants have waived their objections and should be compelled to comply with the requests, pursuant to Rule 37(a). In support of this argument, Plaintiff's memorandum of law repeats, verbatim, the arguments made in opposition to Defendants' motion for a stay.

In opposing Plaintiff's motion, Defendants contend that the filing of the motion for a protective order effectively stayed their obligations to respond to Plaintiff's discovery requests; Defendants assert that they intend to comply with their discovery obligations in the event that the motion for a protective order is denied.

The Court finds that Defendants' position is well-founded. A motion for a protective order "must be served before the date set for production." *United States v. Int'l Bus. Machines Corp.*, 70 F.R.D. 700, 701 (S.D.N.Y. 1976) (footnote omitted); *see also Mahar v. U.S. Xpress Enterprises, Inc.*, 688 F. Supp. 2d 95, 113 (N.D.N.Y. 2010) ("[M]otions for a protective order must be made in a timely manner, which ordinarily means that the motion must be made by the date set for the discovery or production unless there was no opportunity to so move." (collecting cases)).

Here, Plaintiff served its discovery requests on February 2, 2018. Pursuant to Federal Rules of Civil Procedure 33(b)(2) and 34(b)(2), Defendants were to respond to said requests within 30 days after being served, or on or before March 5, 2018. On March 2, 2018, Defendants timely requested an order from the Court to stay the time in which they would have to respond to Plaintiff's requests. As the Court is denying Defendants' motion to stay, it will set a new date by which Defendants must respond to Plaintiff's requests. Plaintiff's contention that Defendants have waived their objections

7

is without merit, and its request to deem the objections waived will be denied.

**IV.     CONCLUSION**

For the foregoing reasons, the Court hereby enters the following ORDERS:

(1) Defendants' Motion for a Protective Order is DENIED. Discovery will continue according to the schedule set forth in the Court's Scheduling Order, Doc. 21.

(2) Plaintiff's Motion to Compel is GRANTED, in part, and DENIED, in part. Defendants must respond to Plaintiff's requests on or before June 11, 2018. Plaintiff's request to deem Defendants' objections waived is DENIED.

It is SO ORDERED.

Dated: New Haven, Connecticut

April 26, 2018

> */s/ Charles S. Haight, Jr.*
> CHARLES S. HAIGHT, JR.
> Senior United States District Judge