## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

Stanley Works Israel LTD. f/k/a Zag Industries, LTD.

          Plaintiff,

   vs.

500 Group, Inc. and Paolo Tiramani,

         Defendants.

Case No. 3:17-cv-01765-CSH

## MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DEPOSITIONS OF PLAINTIFF EMPLOYEES

Pursuant to Rules 26, 30, and 37 of the Federal Rules of Civil Procedure and Local Rule 37, the Defendants, 500 Group, Inc. ("500 Group") and Paolo Tiramani ("Tiramani") (together, "Defendants"), hereby submit this memorandum of law in support of its motion to compel the depositions of certain employees of Plaintiff Stanley Works Israel LTD. ("Plaintiff") to take place in Connecticut, the forum where Plaintiff initiated this action. In support of this motion, Plaintiff submits the accompanying Affidavit of Benjamin C. Jensen as Exhibit A.

Plaintiff filed this action in the District of Connecticut, the home district of its corporate parent, claiming that Connecticut is where substantial aspects of the dispute arose and asserting claims under Connecticut law. Plaintiff then disclosed through discovery various individuals with knowledge as to the central allegation in this case – that Plaintiff purportedly "mistakenly omitted to deduct $600,000" from its settlement payment. Defendants noticed served notices of depositions of these individuals, but Plaintiff has refused to produce them for deposition in Connecticut. Instead Plaintiff presented Defendants with the choice of either taking these depositions in Israel (at Defendants' expense) or by videoconference. Because both options would severely prejudice Defendants and because Plaintiff has identified no hardship in

producing these witnesses in Connecticut, Plaintiff should be compelled to produce the deponents in Connecticut.

## RELEVANT BACKGROUND

1.      Plaintiff commenced this action against the Defendants seeking to recover money damages related to amounts originally paid by Plaintiff to 500 Group pursuant to a written settlement agreement (the "Settlement Agreement"). Specifically, Plaintiff alleges in its Amended complaint that the parties agreed that Plaintiff would withhold $600,000 from the total settlement payment of $10,000,000 for payment to the Israeli tax authority. (*See* Am. Compl., Dkt. No. 24, ¶¶ 15, 21). Plaintiff further alleged that it "mistakenly omitted to deduct $600,000" from the settlement payment and that 500 Group and Tiramani refused requests to return the alleged overpayment. (*See id.*, ¶¶ 25, 32).

2.      In connection with this allegation that Plaintiff "mistakenly omitted" to reduce its settlement payment to 500 Group, the Defendants' Interrogatory No. 8 instructed Plaintiff to identify persons with knowledge of the facts and circumstances surrounding the payment. (*See* Exhibit B). In response, the Plaintiff identified various employees, including Efrat Fixler ("Fixler"), Klara Tunkel ("Tunkel") and Tali Waysbort ("Waysbort"). (*See id.*).

3.      On October 12, 2018, Defendants served notices of deposition on Plaintiff seeking the depositions of Fixler, Tunkel and Waysbort, among others, to take place in Hartford, Connecticut in December 2018. (*See* Exhibits C, D and E).

4.      On November 19, 2018, counsel for Plaintiff contacted the Defendants' counsel, stating that Fixler, Tunkel and Waysbort reside in Israel and proposed that these depositions be conducted via videoconference. (*See* Exhibit F).

5.      Defendants responded by letter dated January 2, 2019, declining the proposal to conduct the Israeli depositions through videoconference on the basis that the prejudice to Defendants in attempting to take these depositions by videoconference outweighed any potential hardship to Plaintiff. (*See* Exhibit G). These hardships included accounting for: (a) a 7-hour time difference between Connecticut and Israel; (b) Israeli law governing the deposition pursuant to Fed. R. Civ. P. 30(b)(4); and (c) attempting to conduct a remote deposition in a document-intensive case without the ability to question witnesses face-to-face. (*See id.*). Accordingly, Defendants restated their request that the Plaintiff make Fixler, Tunkel and Waysbort available for deposition in Connecticut on a mutually convenient date.

6.      On January 11, 2019, Plaintiff responded, arguing that general principles of law governing the location of depositions did not apply since Plaintiff disputes that Fixler, Tunkel and Waysbort are officers, directors or managing agents of Plaintiff and thus are not subject to deposition by notice. (*See* Exhibit H). Accordingly, Plaintiff offered to make these individuals available for deposition, but only in Israel. (*See id.*).

7.      Defendants' counsel responded on January 23, 2019, identifying numerous references in the pleadings, discovery responses and document production belying Plaintiff's new claim that the proposed deponents held only ministerial responsibilities for Plaintiff. (*See* Exhibit I). These references included:

    a.  Documents produced by Plaintiff identifying Fixler as both an Officer and Signatory and identifying Waysbort as an authorized Signatory. (Exhibit J, STAN-0000006 to STAN-0000009).

    b.  Correspondence between the parties clearly indicating Fixler's authority to take action on behalf of Plaintiff. (Exhibit K, STAN-0000189).

c. Plaintiff's response to Interrogatory No. 14, identifying Fixler and Waysbort as individuals that "authorized the wire transfers of funds due under the Settlement Agreement." (*See* Exhibit B).

d. Specific references in Plaintiff's Amended Complaint to communications by Fixler. (*See* Am. Compl., ¶ 48).

8. Based on this information, Defendants' January 23, 2019 letter stated:

> These [above-described] actions are not consistent with the description in your letter of Ms. Fixler and Ms. Waysbort having "ministerial" responsibilities. Accordingly, on behalf of Defendants, we reiterate our intention to proceed with these depositions in Connecticut, the forum where Stanley Israel elected to bring this suit. ***As part of a good faith effort to resolve this dispute, we are willing to consider additional evidence that Stanley Israel can make available by January 31, 2019 concerning these witnesses, including their: job titles, job responsibilities, and involvement with the subject matter of this litigation.*** We also propose a telephone conference on January 31st in order to discuss this dispute prior to either party seeking judicial intervention. Please advise on your availability.

(*See* Exhibit I at 3) (emphasis added).

9. Following this correspondence, counsel for the parties met and conferred by telephone on February 8, 2019. During the February 8th conference, counsel for Plaintiff again disputed that the employees were subject to deposition by notice under Rule 30 and advised that they were seeking additional information from Plaintiff concerning the job responsibilities of the individual deponents. As a proposed accommodation, counsel for Defendants offered to take the deposition by oral examination in Israel if Plaintiff agreed to incur the Defendants' counsel's costs in taking the deposition in the forum. (*See* Jensen Affidavit, ¶ 9).

10. Plaintiff's counsel again declined to make the deponents available for deposition in Connecticut. Instead, on March 12, 2019, Plaintiff produced documents identified as a "Global Delegation of Authority" in effect for the relevant time period during 2017 for

StanleyBlack&Decker's global operation.[1] Plaintiff's counsel stated that Waysbort and Tunkel were not identified in the documents and Fixler was only identified as having authority in an area unrelated to the parties' dispute. Therefore, Plaintiff contended that the Global Delegation of Authority documents established that the deponents were not officers, directors or managing agents of Plaintiff. (*See* Exhibit L).

11.    Counsel for the Defendants responded on March 27, 2019 disputing that the Global Delegation of Authority documents, which cover StenleyBlack&Decker's global operation, established that the individual deponents did not function as officers, directors or managing agents of Plaintiff under applicable law. Counsel for Defendants again asked that the Plaintiff make these individuals available for deposition in Connecticut or, alternatively, to agree to bear the costs of depositions in Israel. (*See* Exhibit M).

12.    On April 22, 2019, Plaintiff responded that they believed the parties had "done all we can to resolve this issue in good faith" and advised Defendants that they would need to file a motion with the Court if they intended to pursue these depositions. (*See* Exhibit N).

13.    As demonstrated through this lengthy process, Defendants provided Plaintiff with several opportunities and options to make these witnesses available or, alternatively, to allow Plaintiff to provide an evidence justifying hardship or its legal basis for declining to make the witnesses available in Connecticut. Notwithstanding these efforts, Plaintiff has refused to make key employees available for deposition in the forum in which they initiated this litigation. (*See* Jensen Affidavit, ¶ 13). Accordingly, Defendants were forced to seek the Court's intervention in order to secure the discovery necessary to the claims and defenses in this case.

---

[1] In its Corporate Disclosure Statement, Plaintiff identified Stanley Black & Decker, Inc. as a publicly held corporation indirectly owning 10% or more of its stock. (*See* Dkt. No. 7).

**ARGUMENT**

**I.    These Depositions are Highly Relevant**

Plaintiff filed this lawsuit seeking to recover $600,000 that it alleges it overpaid – by mistake – on the Settlement Agreement between the parties. Accordingly, Plaintiff's case hinges on its allegation that its payment of $10 million was, in fact, a mistake and that it was the intent of the parties that Plaintiff would only pay 500 Group $9.4 million. This is despite clear language in the Settlement Agreement defining Plaintiff's payment obligation as $10 million.

As this is a central issue in Plaintiff's theory of recovery, Defendants served discovery requests seeking the identity of the individuals with knowledge of the facts and circumstances surrounding the payment and the alleged "mistake." (*See* Exhibit B, Interrogatory No. 8). In response, Plaintiff identified Fixler, Tunkel and Waysbort, among others. (*See id.*). Additionally, Plaintiff identified Fixler and Waysbort as the only two individuals who "authorized the wire transfers of funds due under the Settlement Agreement…" (*See id.*, Interrogatory No. 14). Accordingly, Defendants properly sought the depositions of these three (3) individuals in the District of Connecticut through notice pursuant to Fed. R. Civ. P. 30. (*See* Exhibits C, D & E).

As stated, the circumstances surrounding the wire transfer of the settlement funds and Plaintiff's alleged intent in wiring the full $10 million are critical and are addressed extensively in Plaintiff's Amended Complaint. Accordingly, Defendants are entitled to depositions of the individuals with knowledge of the facts and circumstances surrounding the payment and, with respect to Fixler and Waysbort, being the individuals who authorized the wire transfer.

**II.   The Depositions Should Occur in this Forum**

There is a general rule applied in this Circuit that "the party noticing a deposition usually has the right to choose the location." *Petaway v. Osden*, Case No. 3:17-CV-00004 (VAB), 2018

WL 1168581, at *3 (D. Conn. Mar. 5, 2018) (quoting *Sec. & Exch. Comm'n v. Aly*, 320 F.R.D. 116, 118 (S.D.N.Y. 2017). In addition, this Circuit applies another general rule that "a plaintiff who brings suit in a particular forum may not avoid appearing for examination in that forum." *Dubai Islamic Bank v. Citibank, N.A.*, Case No. 99-cv-1930 (RMB), 2002 WL 1159699, at *12 (S.D.N.Y. May 31, 2002) (citing cases). As explained by the Southern District of New York: "In view of the fact that plaintiff chose to file his lawsuit here rather than in Ireland, it is hardly unreasonable to expect that he make himself available in the district where he is litigating his million dollar claim, and to which he must come in any event to testify at trial." *Daly v. Delta Airlines, Inc.*, Case No. 90-cv-5700 (MEL), 1991 WL 33392, at *2 (S.D.N.Y. Mar. 7, 1991).[2]

Ultimately, the question of whether a deposition of a nonresident plaintiff will occur in the forum district, another location, or pursuant to telephone or videoconference means pursuant to Fed. R. Civ. P. 30(b)(4) "rests in the discretion of the court and there must be a careful weighing of the relevant facts." *See Estate of Gerasimenko v. Cape Wind Trading Co.*, 272 F.R.D. 385, 387 (S.D.N.Y. 2011) (internal quotations omitted). The factors identified in *Gerasimenko* to be considered include physical or financial hardship to the plaintiff in traveling to the forum as compared to prejudice to the defendant. *See id.* at 387-389. Balancing any hardship to the Plaintiff in this case against the prejudice to Defendants clearly favors requiring the depositions to take place in Connecticut.

---

[2] *See also Am. Gen. Life Ins. Co. v. Harshman,* 299 F.R.D. 157, 158 (E.D. Ky. 2014) ("Plaintiff is the case-initiating party … [and] should not be surprised and faces no undue burden in coming here to participate in Rule 30(b)(6) depositions."); *Bangkok Broad. & T.V., Co. v. IPTV Corp.*, Case No. CV-09-03803, 2010 WL 11507310, at *4 (C.D. Cal. Apr. 22, 2010) ("'[T]here is a well-recognized, general rule that a plaintiff is required to make itself available for a deposition in the District in which the suit was commenced, because the plaintiff has chosen the forum voluntarily, and should expect to appear there for any legal proceedings,' absent compelling circumstances." (quoting *Archer Daniels Midland Co. v. Aon Risk Servs., Inc. of Minn.*, 187 F.R.D. 578, 588 (D. Minn. 1999).

Here, the Plaintiff has identified no physical or financial hardship that its employees would incur in being required to travel to Connecticut for deposition. Other than travel cost and time away from work, which are circumstances common to any deposition, Plaintiff has provided no basis to refuse Defendants' reasonable request for depositions to take place in this forum. Further, Plaintiff, which is owned by a multi-national publicly-traded Fortune 500 company, cannot plausibly claim financial hardship in requiring certain employees to travel to Connecticut for purposes of a deposition in a case that it initiated.

In contrast, the prejudice to Defendants in being required to either have its counsel travel to Israel to take the depositions or conduct the depositions by videoconference is substantial. First, it bears repeating that Plaintiff chose to file this lawsuit in this forum, where its parent corporation is headquartered. Plaintiff has also attempted to avail itself of Connecticut laws, including asserting a claim under the Connecticut Unfair Trade Practices Act. Connecticut is not a jurisdiction where Defendants have any current presence, as Tiramani and 500 Group are both located in Nevada. Despite already being required to litigate a case across on the other side of the country, Plaintiff would now demand that Defendants pay their counsel to travel to the other side of the world to take depositions of Plaintiff's key witnesses. *See Grotrian, Helfferich, Schulz, Th. Steinweg Nachf. v. Steinway & Sons,* 54 F.R.D. 280, 281 (S.D.N.Y. 1971) ("Since plaintiff has chosen this forum, it cannot impose upon defendant the extraordinary expense and burden of traveling to a foreign country to conduct a deposition except on a showing of burden and hardship to the plaintiff.").

Moreover, Defendants would be severely prejudiced in being forced to take these depositions by videoconference for a variety of reasons. First, there is a seven (7) hour time difference between Connecticut and Israel making it virtually impossible to take a deposition

during business hours for counsel and the deponent. Second, Defendants would need to address issues under Israeli law concerning the taking of a deposition in Israel, including the legal basis for the deposition. *See* Fed. R. Civ. P. 30(b)(4) ("For purposes of this rule and Rules 28(a), 37(a)(2), and 37(b)(1), the deposition takes place where the deponent answers questions."). Third, this is a document-intensive case and the deponents would be testifying concerning agreements, emails and other written communications. Without being able to question the witnesses face-to-face, Defendants will be severely prejudiced in their ability to review documents and question the witnesses accordingly and will further be limited in their ability to assess the demeanor of the witnesses during the deposition. *See, e.g., Petaway,* 2018 WL 1168581, at *3 (recognizing that concerns over "not being able to see [a deponent's] demeanor or observe what documents are present and being reviewed" are "valid factors" to consider under Second Circuit precedent in determining whether a deposition should be allowed by remote means under Fed. R. Civ. P. 30(b)(4).

In light of the prejudice that Defendants would incur in being forced to have its counsel either travel to Israel or take the depositions by videoconference, and the absence of any hardship to Plaintiff, the depositions of Fixler, Tunkel and Waysbort should take place in Connecticut, the forum where Plaintiff initiated this action.[3]

## III.    **The Deponents Are Managing Agents Under Rule 30**

While initially framing its refusal to make Fixler, Tunkel and Waysbort available for deposition in Connecticut based on hardship, Plaintiff subsequently contended that these

---

[3] As an alternative, Defendants have offered to take the depositions in Israel if Defendants will bear the Defendants' legal fees and expenses associated with the travel to Israel. *See, e.g., Jun-En Enter. v. Lin,* Case No. CV 12-2734 PSG (SS), 2014 WL 12580251, at *3 (C.D. Cal. Mar. 10, 2014) (ordering that depositions of plaintiff could take place in Taiwan, contingent on plaintiff paying the reasonable expenses incurred by counsel for defendants in takin gthe deposition in Taiwan); *Fujitsu Ltd. v. Netgear, Inc.,* No. 07-cv-710-bbc, 2008 WL 5061499, at *1 (W.D. Wis. Nov. 20, 2008) ("Plaintiffs, having chosen this forum, must either present their 30(b)(6) witnesses in Madison, Wisconsin or absorb the costs incurred by defendant's attorneys traveling to some other location for the corporate depositions.").

individuals were not subject to deposition by notice pursuant to Rule 30 as they were not officers, directors or managing agents of Plaintiff. (*See* Ex. H, Jan. 11, 2019 letter). Accordingly, Plaintiff contended, these individuals are not subject to deposition outside the 100-mile radius of their residence pursuant to Fed. R. Civ. P. 45(c). (*See id.*). Based on the information disclosed by Plaintiff, its claim that these deponents are not subject to deposition by notice under Rule 30 is not supported by Second Circuit law.

To determine whether an employee qualifies as a "managing agent," courts apply the five factors originally set forth in *Sugarhill Records, Ltd. v. Motown Record Corp.,* 105 F.R.D. 166 (S.D.N.Y. 1985):

1) whether the individual is invested with general powers allowing him to exercise judgment and discretion in corporate matters;

2) whether the individual can be relied upon to give testimony, at his employer's request, in response to the demands of the examining party;

3) whether any person or persons are employed by the corporate employer in positions of higher authority than the individual designated in the area regarding which the information is sought by the examination;

4) the general responsibilities of the individual respecting the matters involved in the litigation; and

5) whether the individual can be expected to identify with the interests of the corporation.

*Saliga v. Chemtura Corp.*, Case No. 3:12-cv-832 (RNC), 2014 WL 12781149, at *1 (D. Conn. May 2, 2014) (quoting *Schindler Elevator Corp. v. Otis Elevator Co.*, Case No. 06-cv-5377 (CM)(THK), 2007 WL 1771509, at *2 (S.D.N.Y. June 18, 2007)).

Here, the documents and communications disclosed by Stanley Israel indicate that the proposed deponents meet this definition and are subject to deposition by notice pursuant to Fed. R. Civ. P. 30(b)(1). For example, Fixler identified herself to Defendants as "The Finance Manager" for Plaintiff in an email in April 2017:

-----Original Message-----
From: Fixler, Efrat
Sent: Tuesday, April 11, 2017 5:22 PM
To: Morris, Theodore <​███████████████​>;
Cc: Albanesi, Dean <​████████████​>; Miller, Siobhan <​████████​>
Subject: RE: DOC141218124047(0001).pdf

Hello Hamid,

Please let me introduce myself. I am The Finance Manager at The Stanley Works Israel.
As Ted mentioned below, we need a similar form attached by Ted updated by E&Y for current year and amount

Please fill free to contact me should you have any question.

Regards,

Efrat Fixler
Finance Manager
The Stanley Works Israel Ltd
Phone - 972-50-8771663
www.stanleyblackanddecker.com

(*See* Exhibit K, STAN-0000038).

Additionally, in a document produced by Plaintiff titled "Company Profile," Fixler is identified as both an Officer and a Signatory of Plaintiff. Likewise, Waysbort is identified as an authorized Signatory of Plaintiff:

**Officers**

| Name | QuickRef | Position | Appointed |
|---|---|---|---|
| Bar, Ronen | BAR-R | Assessing Officer | Unknown |
| Fixler, Efrat | FIXLER-E | Assessing Officer | Unknown |

**Other Signatories**

| Name | QuickRef | Position | Appointed |
|---|---|---|---|
| Douglas, Craig Argyle | DOUGLAS-CA | Banking Signatory - Group A | 01/22/2015 |
| Torello, Catherine S. | ENNIS-CS | Banking Signatory - Group A | 01/22/2015 |
| Fixler, Efrat | FIXLER-E | Banking Signatory - Group B | 01/22/2015 |
| Mergi, Dalia | MERGI-D | Banking Signatory - Group C | 01/22/2015 |
| Waller, Myriam | WALLER-M | Banking Signatory - Group B | 01/22/2015 |
| Waysbort, Tali | WAYSBORT-T | Banking Signatory - Group C | 01/22/2015 |

(*See* Exhibit J, STAN-0000008).

Moreover, correspondence between the parties makes clear that Ms. Fixler was authorized to take action on behalf of company, including responding directly to Mr. Tiramani's questions regarding the nature of Stanley Israel's demand for a refund of funds allegedly sent to 500 Group in error.

**From:** Fixler, Efrat
**Sent:** Tuesday, June 27, 2017 8:52 AM
**To:** 'Paolo Tiramani' <▇▇▇▇▇▇▇▇▇▇▇▇>
**Cc:** ▇▇▇▇▇▇▇▇▇; Mergi, Dalia <▇▇▇▇▇▇▇▇▇▇▇>
**Subject:** RE: $4M incorrect transfer - 500GROUP Settlement

Hi Paolo,

Whatever works for you. It's fine to wire us just the $600K.
Please do so as soon as possible

Thanks,
Efrat

**From:** Paolo Tiramani [mailto▇▇▇▇▇▇▇▇▇▇▇]
**Sent:** Tuesday, June 27, 2017 5:20 AM
**To:** Fixler, Efrat <▇▇▇▇▇▇▇▇▇
**Cc:** ▇▇▇▇▇▇▇▇▇; Mergi, Dalia <▇▇▇▇▇▇▇▇▇▇▇>
**Subject:** Re: $4M incorrect transfer - 500GROUP Settlement

Hi Efrat
Do you want the $4mm back or $600k you have asked for both.
Regards - Paolo

Sent from my phone

Paolo Tiramani
Founder

(*See* Exhibit K, STAN-0000189).

Fixler's central role in the dispute is further demonstrated by Plaintiff's explicit reference to her actions in its Amended Complaint. At Paragraph 48 of the Third Count of the Amended

Complaint, Plaintiff states: "Stanley Israel's agent indicated that she was shocked that Tiramani would ignore Stanley Israel's requests." (Dkt. No. 24, Am. Compl., ¶ 48). This allegation is clearly a reference to the August 1, 2017 email sent by Fixler, in which she states:

> On Tue, Aug 1, 2017 at 1:10 AM, Fixler, Efrat < ██████████ >
> wrote:
>
> Paolo, Hamid,
>
> I must admit that I am shocked to realize that you are ignoring my requests to repay our $600K.
> Please make sure to wire the funds by the end of this week. We must pay this amount to the Israeli Tax Authorities ASAP.
>
> Thanks,
> Efrat

(*See* Exhibit K, STAN-0000188).

These actions are not consistent with Plaintiff's attempt to characterize the deponents as having "ministerial" responsibilities. Clearly, Fixler, at a minimum[4], was invested with power to correspond with outside parties about high-level business matters, and to exercise her own judgment and discretion in doing so. Further, there do not appear to be any other individuals at Plaintiff in positions of higher authority than Fixler and Tunkel with knowledge concerning the wire transfer at issue, as evidenced by the fact that these are the only two individuals disclosed by Plaintiff as having authorized the transfer. (*See* Exhibit B, Response to Interrogatory No. 14).

## CONCLUSION

WHEREFORE, the Defendants respectfully request that the Court compel the Plaintiff to make the above-named individuals available for deposition within thirty (30) days.

---

[4] Despite Defendants' request that Plaintiff provide additional information about Fixler, Tunkel and Waysbort's job titles, job responsibilities, and involvement with the subject matter of the litigation (*see* Exhibit I at 3), no such information has been provided. Accordingly, Defendants reserve all rights to further challenge any newly-disclosed information concerning Tunkel and Waysbort not previously provided.

Dated: May 16, 2019                       Respectfully submitted,

                                          DEFENDANTS
                                          500 GROUP, INC. and PAOLO TIRAMANI


                              By: */s/ Benjamin C. Jensen*
                                   Peter E. Strniste, Jr. (ct20830)
                                   pstrniste@rc.com
                                   Benjamin C. Jensen (ct27198)
                                   bjensen@rc.com
                                   ROBINSON & COLE LLP
                                   280 Trumbull Street
                                   Hartford, CT 06103
                                   Tel: 860-275-8200
                                   Fax: 860-275-8299

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 16th day of May 2019, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's system.

/s/ Benjamin C. Jensen
Benjamin C. Jensen (ct27198)
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103
Tel: 860-275-8200
Fax: 860-275-8299
Email: bjensen@rc.com