# **EXHIBIT A**

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| Stanley Works Israel LTD. f/k/a Zag Industries, LTD.<br><br>                Plaintiff,<br><br>vs.<br><br>500 Group, Inc. and Paolo Tiramani,<br><br>                Defendants. | Case No. 3:17-cv-01765-CSH |

### AFFIDAVIT OF BENJAMIN C. JENSEN

Benjamin C. Jensen, being duly sworn, hereby deposes and says as follows:

1. I am over the age of eighteen years, and believe in the obligations of an oath.

2. I make this Affidavit based on my personal knowledge of and involvement in the matters set forth herein.

3. I am an attorney with the law firm of Robinson & Cole LLP, and serve as counsel for the Defendants in the above-captioned action. I make this Affidavit in support of the Defendants' Motion to Compel Depositions of Plaintiff Employees.

4. On October 12, 2018, Defendants served notices of deposition on Plaintiff seeking the depositions of Fixler, Tunkel and Waysbort, among others, to take place in Hartford, Connecticut in December 2018. True and correct copies of the deposition notices are attached to the Defendants' Memorandum in Support of Motion to Compel Depositions as Exhibits C, D and E).

5. On November 19, 2018, counsel for Plaintiff contacted the Defendants' counsel, stating that Fixler, Tunkel and Waysbort reside in Israel and proposed that these depositions be

-2-

conducted via videoconference. A true and correct copy of the communication is attached to the Defendants' Memorandum in Support of Motion to Compel Depositions as Exhibit F.

6. Defendants responded by letter dated January 2, 2019, declining the proposal to conduct the Israeli depositions through videoconference on the basis that the prejudice to Defendants in attempting to take these depositions by videoconference outweighed any potential hardship to Plaintiff. These hardships included accounting for: (a) a 7-hour time difference between Connecticut and Israel; (b) Israeli law governing the deposition pursuant to Fed. R. Civ. P. 30(b)(4); and (c) attempting to conduct a remote deposition in a document-intensive case without the ability to question witnesses face-to-face. Accordingly, Defendants restated their request that the Plaintiff make Fixler, Tunkel and Waysbort available for deposition in Connecticut on a mutually convenient date. A true and correct copy of the communication is attached to the Defendants' Memorandum in Support of Motion to Compel Depositions as Exhibit G.

7. On January 11, 2019, Plaintiff responded, arguing that general principles of law governing the location of depositions did not apply since Plaintiff disputes that Fixler, Tunkel and Waysbort are officers, directors or managing agents of Plaintiff and thus are not subject to deposition by notice. Accordingly, Plaintiff offered to make these individuals available for deposition, but only in Israel. A true and correct copy of the communication is attached to the Defendants' Memorandum in Support of Motion to Compel Depositions as Exhibit H.

8. Defendants' counsel responded on January 23, 2019, identifying numerous references in the pleadings, discovery responses and document production belying Plaintiff's new claim that the proposed deponents held only ministerial responsibilities for Plaintiff. A true

and correct copy of the communication is attached to the Defendants' Memorandum in Support of Motion to Compel Depositions as Exhibit I. These references included:

   a. Documents produced by Plaintiff identifying Fixler as both an Officer and Signatory and identifying Waysbort as an authorized Signatory.

   b. Correspondence between the parties clearly indicating Fixler's authority to take action on behalf of Plaintiff.

   c. Plaintiff's response to Interrogatory No. 14, identifying Fixler and Waysbort as individuals that "authorized the wire transfers of funds due under the Settlement Agreement."

   d. Specific references in Plaintiff's Amended Complaint to communications by Fixler.

True and correct copies of the above-referenced documents have been attached to the Defendants' Memorandum in Support of Motion to Compel Depositions as Exhibits B, J and K.

9. Following this correspondence, counsel for the parties met and conferred by telephone on February 8, 2019. During the February 8th conference, counsel for Plaintiff again disputed that the employees were subject to deposition by notice under Rule 30 and advised that they were seeking additional information from Plaintiff concerning the job responsibilities of the individual deponents. As a proposed accommodation, counsel for Defendants offered to take the deposition by oral examination in Israel if Plaintiff agreed to incur the Defendants' counsel's costs in taking the deposition in the forum.

10. Plaintiff's counsel again declined to make the deponents available for deposition in Connecticut. Instead, on March 12, 2019, Plaintiff produced documents identified as a "Global Delegation of Authority" in effect for the relevant time period during 2017 for

StanleyBlack&Decker's global operation. Plaintiff's counsel stated that Waysbort and Tunkel were not identified in the documents and Fixler was only identified as having authority in an area unrelated to the parties' dispute. Therefore, Plaintiff contended that the Global Delegation of Authority documents established that the deponents were not officers, directors or managing agents of Plaintiff. A true and correct copy of the communication is attached to the Defendants' Memorandum in Support of Motion to Compel Depositions as Exhibit L.

11. Counsel for the Defendants responded on March 27, 2019 disputing that the Global Delegation of Authority documents, which cover StenleyBlack&Decker's global operation, established that the individual deponents did not function as officers, directors or managing agents of Plaintiff under applicable law. Counsel for Defendants again asked that the Plaintiff make these individuals available for deposition in Connecticut or, alternatively, to agree to bear the costs of depositions in Israel. A true and correct copy of the communication is attached to the Defendants' Memorandum in Support of Motion to Compel Depositions as Exhibit M.

12. On April 22, 2019, Plaintiff responded that they believed the parties had "done all we can to resolve this issue in good faith" and advised Defendants that they would need to file a motion with the Court if they intended to pursue these depositions. A true and correct copy of the communication is attached to the Defendants' Memorandum in Support of Motion to Compel Depositions as Exhibit N.

13. As demonstrated through this lengthy process, Defendants provided Plaintiff with several opportunities and options to make these witnesses available or, alternatively, to allow Plaintiff to provide an evidence justifying hardship or its legal basis for declining to make the witnesses available in Connecticut. Notwithstanding these efforts, Plaintiff has refused to make

key employees available for deposition in the forum in which they initiated this litigation. Accordingly, despite the good faith efforts of counsel to resolve by agreement the issues in dispute, Defendants were forced to seek the Court's intervention in order to secure the discovery necessary to the claims and defenses in this case.

By: _____
Benjamin C. Jensen

Subscribed and sworn to
before me this 16th day of May, 2019.

_____
Commissioner of the Superior Court