# EXHIBIT G

Robinson+Cole

PETER E. STRNISTE, JR.

280 Trumbull Street
Hartford, CT 06103-3597
Main (860) 275-8200
Fax (860) 275-8299
pstrniste@rc.com
Direct (860) 275-8339

Also admitted in New York
and Massachusetts

***Via Regular and Electronic Mail***

January 2, 2019

Brian A. Daley, Esq.
Carmody Torrance Sandak & Hennessey, LLP
707 Summer Street
Stamford, CT 06901
bdaley@carmodylaw.com

Re: **The Stanley Works Israel Ltd. v. 500 Group, Inc., et al.**
**Case No. 17-cv-01765-CSH (D. Conn.)**

Dear Brian:

I write to address various discovery issues in the above-referenced matter.

1. Depositions of Stanley Witnesses

On October 12, 2018, Defendants served notices seeking the depositions of the following Stanley witnesses, each to occur during the week of December 10, 2018: Tali Waysbort, Dean Albanesi, Klara Tunkel and Efrat Fixler. In connection with the deposition notices, Defendants also served document production requests seeking production of documents by November 15, 2018.

These deponents have been identified by Stanley in its Initial Disclosures and/or its responses to Defendants' interrogatories as individuals with specific knowledge concerning the allegations in Stanley's complaint. *See, e.g.*, Stanley Response to Interrogatory No. 8 (identifying, *inter alia*, Fixler, Tunkel, Waysbort and Albanesi as persons with knowledge concerning the facts surrounding Stanley's claim that it mistakenly omitted to deduct $600,000 from the settlement payment).

Robinson+Cole



On November 19, 2018, you contacted our office to advise that 3 of the Stanley deponents (Waysbort, Tunkel and Fixler) who reside in Israel would not be made available for deposition in Connecticut, the forum where Stanley initiated this action against Defendants. Instead, you proposed making these deponents available by videoconference.

We have considered your proposal and believe that the prejudice to Defendants in being forced to conduct these depositions through videoconference in a foreign country significantly outweigh any hardship to Stanley's witnesses. Generally, a party noticing a deposition has the right to choose the location. *See Petaway v. Osden,* 2018 U.S. Dist. LEXIS 36484, at *8 (D. Conn. Mar. 5, 2018). Additionally, a plaintiff will generally be required to make its witnesses available for deposition in the forum where it brought suit. We are unaware of any specific hardship that Stanley's witnesses would face in traveling to Connecticut; particularly considering that Stanley's affiliated company has significant operations in Connecticut. *See Estate of Gerasimenko v. Cape Wind Trading Co.*, 272 F.R.D. 385, 387-389 (S.D.N.Y. 2011) (addressing hardship factors to consider in compelling plaintiff to travel to forum where suit was brought).

In contrast, Defendants would face significant hardship in taking this deposition by remote means. In addition to the difficulty of setting a time for the depositions to account for the 7-hour time difference between Connecticut and Israel, Defendants would also have to address issues under Israeli law concerning the taking of a deposition in Israel, including the legal basis for the deposition. *See* Fed. R. Civ. P. 30(b)(4) ("For purposes of this rule and Rules 28(a), 37(a)(2), and 37(b)(1), the deposition takes place where the deponent answers questions."). It is fundamentally unfair for Defendants to incur this burden in connection with an action by Stanley commenced in Connecticut. *See, e.g.*, *Packard v. City of New York*, 326 F.R.D. 66, 68 (S.D.N.Y. 2018) (requiring foreign plaintiff to incur all expenses associated with taking deposition in Taiwan).

This case, in particular, presents significant challenges in attempting to conduct a deposition by remote means. The subject matter of the testimony will focus almost entirely on documents produced by the parties in this case related to the historical relationship between the parties and the circumstances surrounding the settlement payment. Without being able to question the witnesses face-to-face, Defendants will be severely prejudiced in their ability to review documents and question the witnesses accordingly and will further be limited in their ability to assess the demeanor of the witnesses during the deposition. *See, e.g.*, *Petaway*¸2018 U.S. Dist. LEXIS 36484, at *8 (recognizing that concerns over "not being able to see [a deponent's] demeanor or observe what documents are present and being reviewed" are "valid factors" to consider under Second Circuit precedent in determining whether a deposition should be allowed by remote means under Fed. R. Civ. P. 30(b)(4).

Robinson+Cole



Accordingly, Defendants restate their intent that the depositions of Efrat Fixler, Tali Waysbort and Klara Tunkel go forward as noticed in Connecticut. We are willing to accommodate reasonable scheduling requests and would ask that you provide us with available dates by no later than **January 4, 2019**. Please also note that as these depositions were first noticed months ago, Defendants insist that the depositions of Stanley's witnesses take place before the subsequently-noticed depositions of Defendants' witnesses served on December 21, 2018.

2. Document Production Requests to Stanley

As noted, Defendants' deposition notices (served on October 12, 2018) included document production requests directed to the deponents. Pursuant to Fed. R. Civ. P. 30(b)(2), production requests directed to parties are governed by Rule 34, which permits parties thirty (30) days to serve responses and/or objections to requests. Stanley served objections to the document production requests on December 12, 2018, which are untimely under the Federal Rules.

In addition to the untimely assertion of objections, Stanley has failed to produce responsive documents even as to requests to which it either did not object or only objected as to some portion of the request. Defendants deliberately provided a significant amount of time from serving its notice of deposition until requesting that documents be produced in order to allow sufficient time for production and review of such materials. Responsive documents as to which no objection is pending should be produced immediately and Stanley's failure to produce such materials is prejudicing Defendants' ability to adequately prepare for the depositions of Stanley's witnesses.

Without waiving Defendants' rights to challenge Stanley's specific objections as being untimely, Defendants respond to the specific objections set forth in Stanley's December 12, 2018 response as follows:

- Req. No. 1: Stanley objects to the request to produce documents and correspondence "related to withholding of funds from royalty payments for Israeli tax obligations under the License Agreements" on the grounds that the request is not limited in time and scope and not proportional to the needs of the case. Stanley proposes to produce non-privileged responsive documents for the period of 2013 forward "[t]o the extent [such documents are] identified and located…"

  Stanley's objections are without merit. Stanley's claims in this case directly implicate the parties' course of dealing under the License Agreements. In Paragraph 8 of its Amended

Robinson+Cole



Complaint, Stanley asserts that throughout the time period of the License Agreements, "Stanley Israel made appropriate withholdings from the royalty payments to 500 Group and remitted the tax authority during the term of the License Agreements. 500 Group consented and agreed to this process for satisfying 500 Group's tax obligations in Israel for royalty payments." (Am. Compl., ¶ 8). Because Stanley argues that the Settlement Agreement is ambiguous on the issue of withholding taxes to remit to the Israeli tax authority, Stanley has argued that this course of conduct over the entire course of the parties' relationship informs the interpretation of the Settlement Agreement. (*See* Stanley Mem. in Opp. to Mot. to Dismiss at 7-8 ("500 Group understood, consented to, and agreed to Stanley's consistent withholding of 15% from all royalty payments over many years to satisfy 500 Group's Israeli tax obligations."). Stanley cannot, on the one hand, rely on a purported extended course of conduct by the parties over many years as a sword to support its claims while at the same time denying Defendants' access to the evidence supporting such assertions.

Accordingly, Defendants dispute Stanley's assertion that Req. No. 1 is not limited in time and scope. The relevant time period is the period during which the License Agreements were in effect – which corresponds with the time period that Stanley contends the Court should consider as evidence of a course of conduct between the parties supporting its interpretation of the Settlement Agreement. The scope has also been clearly defined in the request – Defendants are only seeking documents concerning the withholding of funds for payment to the Israeli tax authority, which is clearly a material issue in the claims and defenses at issue in this case.

- Req. Nos. 2 & 3: Stanley objects to the production of documents concerning the dispute between the parties that led to the arbitration, including Stanley's sales reporting to 500 Group on the grounds that such documents are not limited in time and scope, are irrelevant and not proportional to the needs of the case, and that privilege issues may be implicated.

  Again, Stanley's objections fail to acknowledge that this production request is directly responsive to issues that Stanley has introduced in this case. Stanley's Amended Complaint describes the disputes under the License Agreements that led to a demand for arbitration and, ultimately, the Settlement Agreement at issue in this case. (*See* Am. Compl., ¶¶ 9-11). Beyond asserting a claim for breach of contract, Stanley is asserting claims for bad faith and violation of the Connecticut Unfair Trade Practices Act (CUTPA) against 500 Group and Mr. Tiramani individually. In support of its claim under

CUTPA, Stanley asserts that "Tiramani holds a malicious grudge against Stanley Israel arising out of the nearly decade-long dispute with Stanley Israel under the License Agreements…" (Am. Compl., ¶ 49). If Stanley has evidence relevant to this assertion, it is obligated to produce relevant documents.

Additionally, to the extent that Stanley claims that responsive documents are potentially privileged, it is obligated to identify the documents withheld and the basis for the privilege pursuant to Fed. R. Civ. P. 26(b)(5). Simply objecting without providing a privilege log is not permissible.

- Req. No. 6: Stanley objects to the production of documents concerning the design, patent, marketing and sale of the "rolling workshop" on the grounds that the request is not limited in time and scope, is not relevant or proportional to the needs of the case, and may implicate one or more privileges.

  As already addressed in connection with Req. Nos. 2 & 3, this request again directly relates to the subject matter of the dispute between the parties which Stanley cites as support for its claim that the Defendants acted in bad faith and with malice in its dealings with Stanley. Accordingly, responsive documents should be produced and Stanley's objections are without merit.

To the extent Stanley intends to stand by any of the above objections, please provide available dates and times to meet and confer by telephone.

3. Deposition Notices and Subpoenas Served by Stanley

We are in receipt of the deposition notices and subpoenas that were served on December 21, 2018 directed to: (a) Paolo Tiramani, (b) Natasha Streitz, (c) Hamid Firooznia, and (d) Ernst & Young LLP.

We will respond to these requests separately, as necessary. At this time, however, please note that 500 Group will not be producing witnesses who reside in Nevada for a deposition in Connecticut. As a defendant, 500 Group's witnesses are not subject to the presumption that depositions take place in the forum where the action was filed. We will confer with our client and provide available dates for the depositions of Mr. Tiramani and Ms. Streitz to take place in Las Vegas. However, as previously noted, these depositions must occur after we have completed the previously noted depositions of Stanley's witnesses.

Robinson+Cole



Additionally, the subpoenas served by Stanley directed to Ernst & Young and to Mr. Firooznia seek the production of documents as to which 500 Group has already asserted privilege. Accordingly, unless these document production requests are withdrawn, 500 Group will seek a protective order from the Court. Further, you should not contact or discuss this case with Ernst & Youn or Mr. Firooznia as such discussions would violate our client's privilege.

Thank you for your prompt attention to these issues.

Sincerely,

Peter E. Strniste, Jr.