# **EXHIBIT H**



Brian A. Daley
Partner
Direct:203-252-2683
Fax:203-325-8608
BDaley@carmodylaw.com

707 Summer Street
Stamford, CT 06901

January 11, 2019

*VIA EMAIL: pstrniste@rc.com*
Peter Strniste, Esq.
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06703

RE:   The Stanley Works Israel Ltd. v. 500 Group, Inc., et al.
      Case No. 17-cv-01765 (CSH)

Dear Peter:

Please allow this to serve as a response to your correspondence dated January 2, 2019 concerning the above matter. For ease of reference, I will address the points in the same order of your letter.

### Depositions of Stanley Witnesses

As you note, three of the witnesses you have sought to depose, specifically Ms. Fixler, Ms. Waysbort and Ms. Tunkel, reside in Israel. Furthermore, as previously discussed with your colleague, none of these individuals qualify as officers, directors or managing agents of the plaintiff as their work is of a ministerial, back office nature. While you have set forth general principals of law concerning deposition locations, on these facts, absent agreement, these types of employees are not subject to deposition by notice and, pursuant to Fed.R.Civ.P. 45 (c)(1)(A) are not subject to deposition outside the 100-mile radius of their residence. *See Aztec Energy Partners, Inc. v. Sensor Switch, Inc.*, No. CIV. 3:07CV775 AHN, 2008 WL 747660, at *3. In the interests of reasonableness and cooperation, we do not insist on the formality of a subpoena, however, we will not be producing these witnesses in Connecticut. If you cannot accommodate the previous offer that these witnesses be made available via videoconferencing, then the depositions will have to occur in Israel. With respect to the order of depositions issue you raise, we have no objection to your already noticed depositions proceeding before the depositions we have noticed.

### Document Production Requests

With respect to your asserted issue concerning the timing of our objections, we note that pursuant to Fed.R.Civ.P. 30(b)(2), notices to a party deposing may be accompanied by a request

{S7175324-3}

Case 3:17-cv-01765-CSH   Document 46-8   Filed 05/16/19   Page 3 of 3



Peter Strniste, Esq.
Robinson & Cole LLP
January 11, 2019
Page 2

to produce documents at the deposition. There is nothing in that rule permitting an arbitrary date prior to deposition for production nor nothing requiring objections be filed prior to the time for compliance.

With respect to the objections themselves, we will agree to withdraw our objection to the lack of any time limitation with respect to Request 1. However, please be advised that due to conversion of our client's computer systems in or around 2013, documents prior to that date may not be available. With respect to Requests 2, 3 and 6, Stanley maintains its objection to production of materials concerning the underlying dispute which led to the arbitration. The pertinent issues in this case concern the Settlement Agreement itself and conduct thereafter. Any request seeking discovery which could have been had in the underlying arbitration itself concerns nearly ten years of information and is not relevant or proportional to the needs of this case. Furthermore, the reference to the allegations concerning Mr. Tiramani's grudge does not justify this discovery. The matter at issue is the presence or absence of Mr. Tiramani's animus, not the basis for his animus.

### Deposition Notices and Subpoenas Served by Stanley

We appreciate that you will inquire of Mr. Tiramani and Ms. Streitz regarding their availability and deposition location. As you know, I inquired several times for this information before issuing these notices but received no response. Having no direct knowledge of where these individuals presently reside, I noticed them for Connecticut, but we have no objection to deposing these individuals in Las Vegas, Nevada, if that is where they currently reside. Furthermore, with respect to the subpoenas, though we do not agree that you have any right to object to my office contacting these non-parties, given that you have done so and in the interests of not creating new disputes, please confirm that you will be contacting Mr. Firooznia to advise that he remains subject to subpoena, but his deposition will be postponed to accommodate your request that the depositions you have noticed proceed first. I have received preliminary contact from counsel for Ernst & Young LLP who, to date, have not located any responsive materials.

Should you wish to discuss any of the foregoing, please provide your availability for a telephone conference.

Very truly yours,

Brian A. Daley

{S7175324-3}