# EXHIBIT I

**Robinson+Cole**

PETER E. STRNISTE, JR.

280 Trumbull Street
Hartford, CT 06103-3597
Main (860) 275-8200
Fax (860) 275-8299
pstrniste@rc.com
Direct (860) 275-8339

Also admitted in New York
and Massachusetts

*Via Electronic Mail*

January 23, 2019

Brian A. Daley, Esq.
Carmody Torrance Sandak & Hennessey, LLP
707 Summer Street
Stamford, CT 06901
bdaley@carmodylaw.com

Re:  **The Stanley Works Israel Ltd. v. 500 Group, Inc., et al.
Case No. 17-cv-01765-CSH (D. Conn.)**

Dear Brian:

I write in response to your letter dated January 11, 2019 concerning various discovery issues in the above-referenced matter.

1. Depositions of Stanley Witnesses

In your letter, you state that the three witnesses who reside in Israel do not qualify as officers, directors or managing agents of Stanley Israel as their work is of a "ministerial, back office nature." Based on the information available to Defendants, that description does not appear to be accurate with respect to at least two of the witnesses.

To determine whether an employee qualifies as a "managing agent," courts apply the five factors originally set forth in *Sugarhill Records, Ltd. v. Motown Record Corp.*, 105 F.R.D. 166 (S.D.N.Y. 1985):

> 1) whether the individual is invested with general powers allowing him to exercise judgment and discretion in corporate matters;
>
> 2) whether the individual can be relied upon to give testimony, at his employer's request, in response to the demands of the examining party;

**Robinson+Cole**

Brian A. Daley, Esq.
January 23, 2019
Page 2

> 3) whether any person or persons are employed by the corporate employer in positions of higher authority than the individual designated in the area regarding which the information is sought by the examination;
>
> 4) the general responsibilities of the individual respecting the matters involved in the litigation; and
>
> 5) whether the individual can be expected to identify with the interests of the corporation.

*L.A. Limousine, Inc. v. Liberty Mut. Ins. Co.*, 2007 U.S. Dist. LEXIS 69000 (D. Conn. Sep. 19, 2007), *quoting Schindler Elevator Corp. v. Otis Elevator*, 2007 U.S. Dist. LEXIS 44200 at *5-6 (S.D.N.Y. Jun. 18, 2007).

Here, the documents and communications disclosed by Stanley Israel indicate that, at a minimum, Efrat Fixler and Tali Waysbort meet this definition and are subject to deposition by notice pursuant to Fed. R. Civ. P. 30(b)(1). These documents include:

- In the "Company Profile" document produced by Stanley Israel bearing the bates numbers STAN-0000006 to STAN-0000009, Efrat Fixler is identified as an Officer of Stanley Israel and also as a "Signatory." Likewise, Tali Waysbort is identified as an authorized Signatory for the company. *See* STAN-0000008.

- Correspondence between the parties makes clear that Ms. Fixler was authorized to take action on behalf of company, including responding directly to Mr. Tiramani's questions regarding the nature of Stanley Israel's demand for a refund of funds allegedly sent to 500 Group in error. *See* STAN-0000189.

- In response to Interrogatory No. 14, which asked that Stanley Israel identify who "authorized the wire transfers of funds due under the Settlement Agreement," Stanley Israel identified Efrat Fixler and Tali Waysbort.

- In connection with execution of an Acknowledgement Letter provided Ernst & Young, Ms. Fixler confirmed in email correspondence that she was authorized to sign the agreement on behalf of Stanley Israel and did, in fact, execute the agreement. *See* 500 Group 00004, 00007.

- In the Amended Complaint, Stanley Israel specifically references a communication by Ms. Fixler (identified in the pleading as "Stanley Israel's agent"), wherein she states that she

**Robinson+Cole**

Brian A. Daley, Esq.
January 23, 2019
Page 3

was "shocked that Tiramani would ignore Stanley Israel's requests." *See* Am. Compl., ¶ 48; 500 Group 00356.

These actions are not consistent with the description in your letter of Ms. Fixler and Ms. Waysbort having "ministerial" responsibilities. Accordingly, on behalf of Defendants, we reiterate our intention to proceed with these depositions in Connecticut, the forum where Stanley Israel elected to bring this suit. As part of a good faith effort to resolve this dispute, we are willing to consider additional evidence that Stanley Israel can make available by January 31, 2019 concerning these witnesses, including their: job titles, job responsibilities, and involvement with the subject matter of this litigation. We also propose a telephone conference on January 31st in order to discuss this dispute prior to either party seeking judicial intervention. Please advise on your availability.

2. <u>Document Production Requests to Stanley</u>

Defendants disagree with the positions set forth in your letter concerning the timeliness and propriety of the objections you assert in response to the deposition notices. We would propose addressing this dispute during the telephone conference proposed for January 31st.

3. <u>Deposition Notices and Subpoenas Served by Stanley</u>

Thank you for confirming that the depositions noticed by Defendants will proceed prior to the depositions of the witnesses noticed by Stanley Israel. Once we have proposed dates for the Stanley Israel depositions from you, we will provide available dates and locations for the depositions you noticed.

Thank you for your prompt attention to these issues.

Sincerely,

*[signature]*

Peter E. Strniste, Jr.