# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

THE STANLEY WORKS ISRAEL LTD.
f/k/a ZAG INDUSTRIES, LTD.,

                Plaintiff,

   v.

500 GROUP, INC. and PAOLO TIRAMANI,

             Defendants.

3:17-cv-01765 (CSH)

**OCTOBER 25, 2019**

## RULING ON MOTION TO COMPEL DEPOSITIONS OF PLAINTIFF EMPLOYEES

**HAIGHT, Senior District Judge:**

The Stanley Works Israel Ltd., f/k/a ZAG Industries, Ltd. ("Plaintiff" or "Stanley"), an Israeli limited liability company, brings this diversity action against Defendants 500 Group, Inc., a New York corporation, and Paolo Tiramani, a citizen of Nevada (collectively, "Defendants"). Plaintiff and Defendant 500 Group were parties to certain product license agreements that related generally to patent rights owned by 500 Group. Plaintiff's claims against Defendants arise from a dispute over monies paid pursuant to a settlement agreement between the parties.

Presently before the Court is a discovery dispute relating to Defendants' efforts to obtain deposition testimony from three of Plaintiff's employees: Efrat Fixler ("Fixler"), Klara Tunkel ("Tunkel"), and Tail Waysbort ("Waysbort"). All three proposed deponents reside in Israel. Defendants seek an order compelling the deposition of these employees in Connecticut, the forum where Plaintiff initiated this action. Plaintiff argues that Defendants' request should be denied because the proposed deponents are not "officers, directors or managing agents" of the Plaintiff and therefore not subject to deposition by notice, and not subject to deposition outside the 100-mile

radius of their residence pursuant to Fed. R. Civ. P. 45(c)(1).  *See* Doc. 47.  Plaintiff has offered to produce these witnesses without requiring Defendants to issue a subpoena provided that the depositions occur by videoconference or in Israel, where each of the witnesses is located.  *Id.* Defendants have rejected this offer, maintaining that the depositions must occur in Connecticut or, alternatively, that Plaintiff must bear all of defense counsel's costs associated with conducting the depositions in Israel. *Id.* at 2.

## I.  RELEVANT BACKGROUND

Plaintiff initiated this action against the Defendants seeking to recover money damages related to a payment by Plaintiff to Defendant 500 Group pursuant to a written settlement agreement (the "Settlement Agreement").  Specifically, Plaintiff alleges that the parties agreed that Plaintiff would withhold $600,000 from the total settlement payment of $10 million for payment to the Israeli tax authority. *See* Doc. 24 ¶¶ 15, 21.  However, Plaintiff mistakenly failed to deduct $600,000 from the total settlement payment as the agreed-upon tax withholdings. *Id.* ¶¶ 24, 25.  Defendants have allegedly refused requests to return the $600,000 alleged overpayment. *Id.* ¶¶ 26, 32.

On October 12, 2018, Defendants served notices of deposition on Plaintiff seeking the depositions of, *inter alia*, Fixler, Tunkel, and Waysbort to take place in Hartford, Connecticut in December 2018. *See* Doc. 46 ("Mot. to Compel"), Exs. C, D, and E.  Since that date, the parties have corresponded extensively regarding the terms of the proposed Stanley deponents' depositions, *see id.* at 2-5, but have been unable to reach an agreement as to the location of the depositions and who should bear the costs.

## II.  DISCUSSION

The parties' dispute turns, in large measure, on whether the Stanley employees are "officers,

directors, or managing agents" of Stanley. Under Rule 30(b)(1) of the Federal Rules of Civil Procedure, an officer, director, or managing agent of a corporate party may be compelled to give testimony pursuant to a notice of deposition. A notice of deposition "must state the time *and place of the deposition.*" Fed. R. Civ. P. 30(b)(1) (emphasis added). Thus, in the first instance, the party noticing the deposition is entitled to designate the place of the deposition. A corporate employee or agent who does not qualify as an officer, director, or managing agent, on the other hand, is not subject to deposition by notice. *See, e.g.*, *Sugarhill Records Ltd. v. Motown Record Corp.*, 105 F.R.D. 166, 169 (S.D.N.Y.1985); *Schindler Elevator Corp. v. Otis Elevator Co.*, No. 06 CIV.5377CMTHK, 2007 WL 1771509, at *2 (S.D.N.Y. June 18, 2007). Such an employee, like any other non-party witness, must be subpoenaed pursuant to Rule 45 of the Federal Rules of Civil Procedure – including the limitation that the witness may only be deposed "within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(1)(A). Thus, because the proposed deponents reside and work in Israel, the Defendants may depose them in Connecticut only if they qualify as managing agents of Plaintiff.[1]

To determine whether an employee qualifies as a "managing agent" subject to deposition by notice, courts in this district generally consider five factors:

> 1) whether the individual is invested with general powers allowing him to exercise judgment and discretion in corporate matters;
>
> 2) whether the individual can be relied upon to give testimony, at his employer's request, in response to the demands of the examining party;
>
> 3) whether any person or persons are employed by the corporate employer in positions of higher authority than the individual designated in the area regarding

---

[1] The parties do not dispute that the proposed deponents are neither officers nor directors of Stanley.

which the information is sought by the examination;

4) the general responsibilities of the individual respecting the matters involved in the litigation; and

5) whether the individual can be expected to identify with the interests of the corporation.

*Saliga v. Chemtura Corp.*, No. 3:12-cv-832 (RNC), 2014 WL 12781149, at *1 (D. Conn. May 2, 2014) (quoting *Schindler*, 2007 WL 1771509, at *2).  Nonetheless, "[t]he test for a managing agent is not formulaic." *Boss Mfg. Co. v. Hugo Boss AG*, No. 97 Civ. 8495(SHS)(MHD), 1999 WL 20828, at *3 (S.D.N.Y. Jan. 13, 1999).  "Rather, the question of whether a person is a managing agent, and therefore subject to a notice of deposition, is answered pragmatically and on a fact-specific basis." *Schindler*, 2007 WL 1771509, at *2; *see also United States v. Afram Lines (USA)*, Ltd., 159 F.R.D. 408, 413 (S.D.N.Y. 1994) ("Because of the vast variety of factual circumstances to which the concept must be applied, the standard ... remains a functional one to be determined largely on a case-by-case basis." (quoting *Founding Church of Scientology of Washington, D.C., Inc. v. Webster*, 802 F.2d 1448, 1452 (D.C. Cir.1986))).

The examining party bears the burden of establishing the status of the witness.  *See Sugarhill Records*, 105 F.R.D. at 170.  That burden, however, is a "modest" one, *Boss Mfg.*, 1999 WL 20828, at *4, and all doubts are to be resolved in favor of the examining party, *see Malletier*, 2006 WL 3476735, at *14; *Afram Lines*, 159 F.R.D. at 414; *Sugarhill Records*, 105 F.R.D. at 171.  "Thus, the examining party satisfies its burden when it produces 'enough evidence to show that there is at least a close question whether the proposed deponent is the managing agent.'" *Schindler*, 2007 WL 1771509, at *2 (quoting *Afram Lines*, 159 F.R.D. at 413).

### A. Tunkel

Defendants have failed to meet their modest burden of showing that Tunkel is a managing agent of Stanley. Indeed, Defendants have not provided *any* information regarding Tunkel's job title or responsibilities. The sole piece of information that the Court has been provided about Tunkel – that she had "knowledge concerning" the $10 million transfer – says nothing about her level of power or responsibility within the company.[2]

Defendants are therefore not permitted to depose Tunkel "more than 100 miles from where [she] resides, is employed, or regularly transacts business in person." *See* Fed. R. Civ. P. 45(c)(3)(A)(ii). However, in the interest of convenience to the parties and judicial economy, Defendants may conduct Tunkel's deposition by videoconference if they so desire.

### B. Fixler & Waysbort

On the other hand, the record indicates that proposed deponents Fixler and Waysbort qualify as "managing agents" subject to deposition by notice pursuant to Fed. R. Civ. P. 30(b)(1). In response to Defendants' interrogatories, Plaintiff identified Fixler and Waysbort as individuals that "authorized the wire transfers of funds due under the Settlement Agreement." Mot. to Compel, Ex. B. Documents produced by the Plaintiff also include the following:

- An April 2017 email in which Fixler identifies herself to the Defendants as "the Finance Manager" for Plaintiff. Doc. 46, Ex. K.

- A document titled "Company Profile," in which Fixler is identified as both an Officer and a Signatory of the Plaintiff, and Waysbort is identified as a Signatory of the

---

[2] Defendants mistakenly assert that Fixler and Tunkel were identified as individuals having authorized the transfer at issue in Plaintiff's interrogatory responses. *See* Mot. to Compel at 13. In fact, Fixler and *Waysbort* were identified as having authorized the transfer, *id.* Ex. B at 5; Tunkel was identified only as one of seven individuals "with knowledge concerning" the transfer. This error was corrected in Defendants' Reply Brief. *See* Doc. 48 at 2.

Plaintiff.  Doc. 46, Ex. J.

- Correspondence between Fixler and Stanley representatives regarding the alleged overpayment, including direct responses to Defendant Tiramani's questions regarding the nature of Stanley Israel's demand for a refund of the alleged overpayment.  Doc. 46, Ex. K.

In response, Plaintiff submitted a Global Tools & Storage division "Global Delegations of Authority" (GDA) document, which "set forth the scope and limits of authority of individuals in the organization" during the relevant time period.  Doc. 47-1.  Waysbort and Tunkel do not appear in the document.  *Id.*  Fixel's name appears with respect to three types of authority: disposition of equipment less than $100,000 in value, write off of trade receivables less than $100,000, and related to bonuses of less than $10,000 in value.  *Id.*  She is not, however, mentioned with respect to the matters directly at issue in this litigation.

A witness's status as a "managing agent" of a corporation is dependent on her actual, functional role in a corporation – not on her title or formal responsibilities.  Where, as here, a witness's practical authority and responsibilities appear to exceed those formally delegated to her, corporate formalities cannot supercede evidence of day-to-day discretionary power and responsibilities regarding the matter at issue.  Fixler, at a minimum, was invested with power to correspond with outside parties about high-level business matters, and to exercise her own judgment and discretion in doing so.  Further, there do not appear to be any other individuals at Plaintiff in positions of higher authority than Fixler and Waysbort with knowledge concerning the wire transfer at issue, as evidenced by the fact that these are the only two individuals disclosed by Plaintiff as having authorized the transfer.  *See* Mot. to Compel, Ex. B at 5.  Thus, Plaintiff's attempt to characterize Fixler and Waysbort as having exclusively "ministerial" responsibilities is contradicted by the record.  Because "there is at least a close question" whether Fixler and Waysbort are

managing agents of Stanley, they are subject to deposition by notice at a location of Plaintiff's choosing.[3]

Finally, the Court notes that although a party who objects to the proposed location of a deposition by notice may move the Court for a protective order under Rule 26(c)(1)(B), the Court would not entertain such a motion on the facts of this case. First, "a non-resident plaintiff who chooses this district as his forum [is] to appear for deposition in this forum absent compelling circumstances." *Clem v. Allied Van Lines Int'l Corp.*, 102 F.R.D. 938, 939 (S.D.N.Y. 1984). "Since plaintiff has selected the forum, he or she will not be heard to complain about having to appear there for [a] deposition." 8A Wright, Miller & Marcus Fed. Practice & Procedure Section 2112 (3d ed. 2010). Plaintiff is not resident in this judicial district; it is based in Israel, and its parent corporation is based in Canada. *See* Compl. at 1. Nonetheless, it has elected to commence this action in Connecticut. Its managers, directors, and officers should therefore be subject to deposition in its self-chosen forum. *See Restis v. Am. Coal. Against Nuclear Iran, Inc.*, No. 13 CIV. 5032 ER KNF, 2014 WL 1870368, at *3 (S.D.N.Y. Apr. 25, 2014).

Second, a party or witness must attend a deposition at the place stated in a deposition notice, unless the party or witness *first* seeks an order of the court changing the location. Rule 37(d) provides that failure to attend a deposition at the time and place noticed "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Fed. R. Civ. P. 37(d)(2). The Rule further provides

---

[3] The Defendants had previously agreed to depose the witnesses in Israel if opposing counsel paid the costs associated with the deposition. If the Defendants remain amenable to that solution, Defendants' counsel may travel to Israel for the deposition with Plaintiff bearing the reasonable cost of their travel and lodging. Should plaintiff ultimately prevail in this action, these expenses may be recoverable as costs of the action.

that "[t]he court where the action is pending may, on motion, order sanctions if: (i) a party or a party's officer, director, or managing agent-or a person designated under Rule 30(b)(6) . . . fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(l)(A)(i).

It is uncontested here that none of the proposed deponents appeared in response to the deposition notices issued by the Defendants on October 12, 2018. While Plaintiff's counsel were in communication with defense counsel regarding their discovery objections, no motion for a protective order was pending when Fixler, Tunkel, and Waysbort failed to appear for their noticed depositions in December 2018. A party or a witness who fails to attend at the time and place stated may not subsequently move to change the place of examination – particularly where, as here, the party has offered no compelling rationale for doing so.

### III. CONCLUSION

For the foregoing reasons, the Defendants' Motion to Compel [Doc. 46] is GRANTED IN PART.

It is **SO ORDERED**.

Dated:  New Haven, Connecticut
      October 25, 2019

                                                   */s/ Charles S. Haight, Jr.*
                                                   CHARLES S. HAIGHT, JR.
                                                   Senior United States District Judge