**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| Stanley Works Israel LTD. f/k/a Zag Industries, LTD.<br><br>Plaintiff,<br><br>vs.<br><br>500 Group, Inc. and Paolo Tiramani,<br><br>Defendants. | Case No. 3:17-cv-01765-CSH |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Rule 56 of the Local Rules of Civil Procedure, the Defendants, 500 Group, Inc. ("500 Group") and Paolo Tiramani ("Tiramani") ("collectively, Defendants"), hereby move for Summary Judgment with respect to all claims asserted by the Plaintiff, Stanley Works Israel LTD. f/k/a Zag Industries, LTD ("SWI" or "Plaintiff").

As set forth with greater particularity in the accompanying Memorandum of Law, as supported by the Affidavit of Paolo Tiramani, with exhibits, and the Declaration of Robert M. Barrack, with exhibits, there is no genuine dispute of material fact that Plaintiff cannot prevail as a matter of law on its claims for breach of contract, unjust enrichment or violation of the Connecticut Unfair Trade Practices Act ("CUTPA).

500 Group is entitled to summary judgment on the breach of contract claim because (1) the Settlement Agreement at issue unambiguously does not authorize Plaintiff to pay 500 Group less than $10 million, nor does it require 500 Group to refund any portion of that amount to Plaintiff for a purported tax liability; (2) there is no genuine dispute of material fact that under the Settlement Agreement 500 Group permanently transferred and assigned to Plaintiff all rights

**ORAL ARGUMENT REQUESTED**

to certain patents, and thus the recited $4 million for prepaid "future royalties," was in name only, and thus no tax was owed for such misnamed "royalties;" and (3) 500 Group never agreed to modify the Settlement Agreement.

500 Group is entitled to summary judgment of the unjust enrichment claim, because there is no dispute that the subject matter of this claim is covered by the scope of the Settlement Agreement, which both parties agree is valid and enforceable.

Finally, both Defendants are entitled to summary judgment on the CUTPA claim, because there is no genuine dispute of material fact that the alleged wrongful conduct is not intimately associated with Connecticut, and Connecticut law does not apply to the dispute.

Wherefore, for these reasons, Defendants respectfully request that the Court grant their Motion to for Summary Judgment as to Plaintiff's Amended Complaint in its entirety.

Dated: July 31, 2020   Respectfully submitted,

        DEFENDANTS
        500 GROUP, INC. and PAOLO TIRAMANI

By: */s/ Peter E. Strniste, Jr.*
    Peter E. Strniste, Jr. (ct20830)
    pstrniste@grsm.com
    Robert M. Barrack (ct08422)
    rbarrack@grsm.com
    Gordon & Rees Scully Mansukhani
    95 Glastonbury Boulevard, Suite 206
    Glastonbury, CT 06033
    Telephone: (860) 278-7448
    Facsimile: (860) 560-0185

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of July 2020, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's system.

                                           */s/Robert M. Barrack.*
                                           Robert M. Barrack (ct08422)
                                           rbarrack@grsm.com
                                           Gordon & Rees Scully Mansukhani
                                           95 Glastonbury Boulevard, Suite 206
                                           Glastonbury, CT 06033
                                           Telephone: (860) 278-7448
                                           Facsimile: (860) 560-0185